FILED

2015 Oct-01  AM 10:24
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| HASALEE MIMS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | 7:15-cv-00119-LSC |
| ROBERT BENTLEY, et al, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

MEMORANDUM OF OPINION

Plaintiff Hasalee Mims brought this action against Robert Bentley, the Governor of Alabama, and Ron Abernathy, the Sheriff of Tuscaloosa County Alabama, alleging that the now repealed Alabama statute requiring sex offenders to register is an unconstitutional ex post facto law as applied to him. Both Defendants have moved to dismiss the claims against them. For the reasons stated below, the motions are GRANTED, and this case is DISMISSED with prejudice.

## I.    Background

In 1980, Mims was convicted of rape in the Circuit Court of Tuscaloosa County Alabama. He served fifteen years in prison and was released in 2000. After his release, Mims was required to comply with the now repealed Alabama sex offender registration statute. He violated the statute and was convicted on October

2, 2008. Mims received a ten year sentence, but it appears from the record that he is currently serving that sentence on probation.

Mims filed a Rule 32 post-conviction petition in the Circuit Court of Tuscaloosa County on June 5, 2012 with the same claim as here—that his conviction was pursuant to an ex post facto law. The Circuit Court denied the petition. Mims appealed, and the Alabama Court of Criminal Appeals dismissed the appeal as untimely. While in prison, Mims filed a habeas petition against the Attorney General of Alabama and the Warden of the prison in the Northern District of Alabama. The Court held that his claims were time barred and procedurally barred because Mims did not exhaust his state court remedies.[1]

Mims filed suit asking this Court to declare Ala. Code § 15-20-22 unconstitutional. He did not specify in his complaint whether he is seeking injunctive relief or monetary damages. However, the Court will address both forms of relief. Following Defendant Ron Abernathy's motion to dismiss, the Court ordered Mims to respond to the motion, but he never filed a response.

## II.   Discussion

---

[1] The Court does not construe this as a habeas petition under 28 U.S.C. § 2254 because Mims is not in the custody of the state. Although conditions other than imprisonment can "significantly restrain [a person's] liberty" and invoke habeas corpus, Mims's complaint is not clear enough to determine how significant the restraint on his liberty is. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). However, insofar as Mims's complaint could be construed as a habeas petition, it is barred. It is a successive application that does not fall into an exception allowing another application. *See* 28 U.S.C. §§ 2244.

## A. Injunctive Relief

Mims asks this court to declare Ala. Code § 15-20-22 unconstitutional. That statutory scheme, requiring sex offenders to register, was repealed in 2011. It was replaced with another scheme. However, Mims has not challenged the new statute. Thus, insofar as Mims asks this court to declare the repealed statute unconstitutional and grant injunctive relief, his claims are moot. *See Coral Springs Street Systems, Inc. v. Sunrise*, 371 F.3d 1320, 1331 n.9 (11th Cir. 2004) ("The federal courts of appeal have virtually uniformly held that the repeal of a challenged ordinance will moot a plaintiff's request for injunctive relief in the absence of some evidence that the ordinance has been or is reasonably likely to be reenacted."). Although Alabama did enact similar registration requirements, the new statutory scheme, Ala. Code § 15-20A-1 to -48, is different in many respects and is thus not a reenactment of the old law.

## B. Monetary Damages

Mims did not specifically ask for monetary damages. However, if the Court were to construe his complaint to seek such relief, that claim would be time barred. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir.

2008). In Alabama, the applicable statute of limitations is two years. Ala. Code § 6-2-8; *see Lufkin v. McCallum*, 956 F.2d 1104, 1106 (11th Cir. 1992). Accordingly, if Mims had a valid § 1983 claim, he was required to bring it within two years from the date when the limitations period began to run. "It has long been the law of this Circuit that in § 1983 actions 'the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *McNair*, 515 F.3d at 1173 (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)).

In his complaint, Mims states that the now repealed Alabama sex offender registration statute first applied to him upon his release from prison on January 18, 2000. Thus, beginning upon his release, he was required to register with the sheriff in the county in which he lived and otherwise comply with the statute. If the statute violated his constitutional rights, it did so starting on January 18, 2000. Thus, the period in which to bring a § 1983 action began running on that day and ended two years later. Additionally, the statute was repealed in 2011, so it was not enforced beyond that date. As a result, any unconstitutional application of that law ceased in 2011. Therefore, even if the statute of limitations period began running in 2011, Mims's claim would still be time barred. Accordingly, any § 1983 claim for monetary damages based on the enforcement of an unconstitutional law is barred

by the statute of limitations.

### C. Eleventh Amendment Immunity

Moreover, Bentley, in his capacity as Governor, is immune from suit in his official capacity. The Eleventh Amendment grants state entities and state officials sued in their official capacity immunity from suit in federal courts. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). However, the Eleventh Amendment does not provide immunity in suits against an official in his personal capacity claiming "an ongoing violation of federal law and seek[ing] relief properly characterized as prospective." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (*Ex Parte Young* doctrine). This exception only applies to state officials who take "action in enforcing state law." *Green v. Mansour*, 474 U.S. 64, 68 (1985). Thus, unless the state official being sued is responsible for enforcing the challenged state law, then the prospective or injunctive relief would be ineffective. *See id.*

In this case, the Governor is being sued in his official capacity. Thus, he is immune from suit. Furthermore, the Governor cannot be sued in his personal capacity under *Ex Parte Young* because he is not actively enforcing the challenged law. Because the law is repealed, no state or local official is enforcing the law. Any injunctive relief would be ineffective because Mims is not currently subject to the challenged law. As such, the Governor is immune from suit.

### III.    Conclusion

Mims's challenge to the repealed Alabama sex offender registration statute is moot as to any injunctive relief sought and time barred as to any monetary damages sought. Further, any claim against the Governor is barred by Eleventh Amendment immunity. Accordingly, the Defendants' motions are GRANTED, and the case is DISMISSED. A separate Order will be entered.

Done this 1st day of October 2015.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

182185